IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN BOONE, | : | |
| Petitioner, | : | Civil No. 09-277 (JBS) |
| v. | : | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

This matter comes before the Court on Petitioner's repeated failure to respond to inquiries from the Court and his failure to amend his Petition as required by this Court's Order of May 21, 2013. For the following reasons, the Court dismisses this action without prejudice.

1. Petitioner Kevin Boone filed this habeas petition on January 1, 2009. After Petitioner sought six extensions of time, the Court held a hearing on the fact question of whether the petition was timely. The Court issued an opinion on January 28, 2011 holding that the petition was timely.

2. On March 25, 2011, the Court sent a letter to counsel noting that the petition "does not appear to meet the requirements of Rule 2(c) of the Federal Rules governing § 2255 Proceedings" because "several of the claims do not indicate whether they have been previously litigated on direct appeal, and

many would not possibly result in the relief Mr. Boone seeks. Further, many of the claims are insufficiently detailed to provide the grounds on which § 2255 relief could be granted . . . ." [Docket Item 49 at 1.] In the letter, the Court "inquire[d] whether Mr. Boone is willing to streamline his extremely verbose petition so that he would advance only the grounds on which he may have some prospect of actually setting aside his conviction." [Id.] The Court noted that while Petitioner had filed the Petition pro se, he had requested and obtained counsel after initiating the action. The Court inquired whether Petitioner would consent to his attorney drafting an amended Petition and asked Petitioner's counsel to confer with Petitioner and notify the Court of his decision.

3. Neither Petitioner nor counsel responded to the Court's March 25, 2011 letter.

4. On August 30, 2012, the Court sent another letter [Docket Item 50] to counsel stating that it awaited Petitioner's response to the March 25, 2011 letter.

5. Petitioner's counsel never responded to the Court's August 30, 2012 letter.

6. On April 10, 2013, the Court issued a notice of call for dismissal pursuant to Local Rule 41.1(a) because this action had "been pending for more than 120 days without any proceeding having been taken therein." [Docket Item 51.]

7. On April 24, 2013, Petitioner's counsel filed a motion for extension of time until May 20, 2013 to amend his Petition. [Docket Item 52.] The Court granted this extension, and the Court's order specified that "should Petitioner not amend his Petition on or before May 20, 2013, and if no supplemental application is made, said case shall be subject to dismissal without notice to the parties." [Docket Item 53 at 2.]

8. On May 20, 2013, Petition filed a second motion for extension of time until June 19, 2013 to amend his petition. [Docket Item 54.] The Court granted this extension and, once again, specified that "should Petitioner not amend his Petition on or before June 19, 2013, and if no supplemental application is made, said case shall be subject to dismissal without notice to the parties." [Docket Item 55 at 2.]

9. Petitioner has not asked for another extension and has not filed an amended Petition. His Petition will be dismissed without prejudice. The existing Petition is not capable of being adjudicated in its present form and it fails to comply with Rule 2(c), supra. This defect was brought to Petitioner's attention on several occasions and, at the request of Petitioner's counsel the time to file an amended Petition was extended several times, and the deadline for doing so expired on June 19, 2013 without the corrective action ordered by the Court.

10. The statute of limitations shall resume running upon the entry of the attached Order dismissing this action. If Petitioner chooses to refile his Petition, he must do so within the remaining statute of limitations period.

**June 21, 2013**　　　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　Chief U.S. District Judge